Middleton, J.
The controlling question before this court is whether the relator was legally entitled to receive disability retirement allowance from April 1, 1949, to March 1, 1952, while employed by the city of Miami, Florida.
The respondent relies upon the provisions of Section 486-63, General Code, as amended (122 Ohio Laws, 192, 204), effective June 5, 1947. That section specified the amount of the disability retirement allowance to which a member of the retirement system was entitled. The last paragraph of that section then provided :
‘ ‘ Should any employer as defined in this act employ or re-employ any member who is receiving a disability allowance, such employer shall file a notice of employment with the Retirement Board designating the date of employment. In case of employment of a member receiving a disability allowance without having filed the aforesaid notice such employer shall pay from funds provided by the employer to the Retirement Board an amount equal to the portion of the disability retirement allowance paid to such member subsequent to the date of employment. ’ ’
It is contended by the respondent that the intent and effect of enacting the provision above quoted were to entirely forbid one from being gainfully employed while drawing disability retirement allowance. With *330 that position this court can not agree. Undoubtedly, the General Assembly intended to restrict to some extent the right of a disabled employee to draw disability retirement allowance while being otherwise employed, but, it is well settled that the General Assembly could not, by legislation passed in 1947, deny an employee rights to compensation which had already vested. The relator was retired February 15, 1945, on account of disability. His rights were vested as of that date in accordance with the statutes then in force. Section 486-62, General Code, as in effect in February 1945, was enacted in March 1937 (117 Ohio Laws, 57, 66). Section 486-63, General Code, in the form in which that statute existed in February 1945, was passed March 24,1943 (120 Ohio Laws, 40, 42). Neither of those sections contained any provision restricting the right of employment of one receiving disability retirement allowance. Inasmuch as the rights of the relator to disability retirement allowance which had vested on or prior to February 15, 1945, could not be denied or restricted by subsequent legislation {State, ex rel. Hanrahan, v. Zupnik et al., Board of Trustees, ante, 43), it is unnecessary to discuss the probable effect of the above-quoted revision of Section 486-63, General Code, which became effective June 5, 1947, with respect to those granted disability retirement allowance subsequent to that date.
Notwithstanding the above legislative history, the respondent argues that the spirit and intent of the entire act containing the sections in issue are such as to deny the right of one drawing disability retirement allowance to become otherwise gainfully employed. In support of that position we are referred to Sections 486-60 and 486-61, General Code, which provide for superannuation and commuted superannuation retirement allowances. In both those sections the right to receive such allowances is conditioned by the following provision:
*331 “So long as such member shall not hold any remunerative office or employment in any federal, state, county or local government * * V’
There was no such restrictive provision with respect to eligibility for disability retirement allowance. The above restrictive provision is broad and definite. Under it the relator could not qualify for or draw commuted superannuation retirement allowance while employed by the city of Miami, but that question is not in issue as he had ceased that employment before he applied for the commuted superannuation retirement allowance.
It is our conclusion that the right of relator to disability retirement allowance was vested in February 1945 in accordance with the statutes then in force; and that under those statutes the relator had the legal right to draw the disability retirement allowance during the period from April 1, 1949, to March 1, 1952 (which concededly amounted to $2,860.20), and at the same time be gainfully employed by the city of Miami. The respondent, therefore, does not have the right to demand reimbursement of the amount of disability retirement allowance paid to the relator during that period and the relator is under no obligation to restore that amount or any part thereof to the respondent either in cash or as credits against his commuted superannuation retirement allowance. The respondent is under a clear legal duty to pay to the relator the full amount of commuted superannuation retirement allowance commencing April 1, 1953, without deductions because of the employment of the relator in Florida prior to that date.
The writ of mandamus is allowed.

Writ allowed.

Weygandt, C. J., Taft, Hart, Zimmerman, Stewart and Lamneck, JJ., concur.